## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Allen Saks, individually and on behalf of all
others similarly situated,

Plaintiff,

-v.-

CCS - South Florida LLC,
d/b/a Complete Collection Service,

Defendant(s).

Civil Action No: **0:21-cv-60927**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Allen Saks (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Zeig Law Firm, LLC, against Defendant CCS - South Florida LLC, d/b/a Complete Collection Services, Inc. (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Florida, County of Broward.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in Florida c/o CT Corporation System, 1200 South Pine Island Road, Plantation, FL, 33324.

9.      Upon information and belief, Defendant is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.      Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.      The Class consists of:

    a.   all individual consumers in the State of Florida;

    b.   to whom Defendant sent an initial collection letter attempting to collect a consumer debt;

    c.   for a debt where the statute of limitations for a lawsuit to occur had passed;

    d.   that failed to include any information informing the consumer to this fact;

    e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.      The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13.      Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e.

15.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

    c.    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## <u>FACTUAL ALLEGATIONS</u>

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to March 11, 2021, an obligation was allegedly incurred to the creditor, Memorial Hospital Pembroke.

21.     Upon information and belief, Memorial Hospital Pembroke contracted Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

22.     Upon information and belief, the subject obligation arose out of medical services. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

23.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6)

*Violation – March 11, 2021 Collection Letter*

26.     On or about March 11, 2021, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the debt owed to Memorial Hospital Pembroke. (See "Letter" at Exhibit A.)

27.     Towards the top of the Letter, it states:

Discharge Date: 12-14-15

28.     The statute of limitations in Florida allowing creditors to file a lawsuit against a debtor is five years, as it is a "liability founded on a written instrument" Fla. Stat. § 95.11.

29.     As of the date of the letter, the statute of limitations for a lawsuit to occur had already run.

30.     However, Defendant failed to inform the Plaintiff consumer that the subject debt was no longer subject to a lawsuit.

31.     Additionally, the Defendant demanded payment of the debt, which would have restarted the statute of limitations if Plaintiff had repaid any portion of the debt.

32.     However, Defendant did not disclose the fact that repayment would restart the statute of limitations.

33.     The Plaintiff was left confused as to the status of the subject debt.

34.     Tthe Plaintiff knew this was an older debt and tried to contact the Defendant to investigate the status of the subject debt, however upon researching the Defendant's name on the letter "Complete Collection Service," the Florida Corporation Business Records reflect that this is no longer an active company.

35.     Furthermore, he became aware that the address on the Letter was not a business but rather a UPS store location. Specifically, 1007 N. Federal Hwy. #280 Ft. Lauderdale, FL 33304 refers to a mailbox location within a UPS store.

36.     These factors led Plaintiff to believe that this collection letter was in fact a fraudulent attempt to illegally collect money from him.

37.     Upon information and belief Complete Collection Services is really a company called CCS-South Florida, LLC.

38.     The Florida Corporation Business Records do not reflect that Complete Collection Services is in fact a tradename or dba for CCS-South Florida, LLC.

39.     A person may not engage in business in the state of Florida as a consumer collection agency or continue to do business in Florida as a consumer collection agency without first registering and maintaining a valid registration. (Florida Consumer Collection Practices Act § 559.553.)

40.     Defendant's failure to provide and maintain a real business address and/or explain that Complete Collection Services is a dba for CCS-South Florida, LLC, is effectively a failure to maintain a valid registration.

41.     These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

42.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

43.     Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

44.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

45.     Plaintiff was confused and misled to his detriment by the statements and/or omissions in the dunning letters, and relied on the contents of the letters to his detriment.

46.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

47.     As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

48.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51.     Defendants violated §1692e:

   a.  As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

   b.  By making a false and misleading representation/omissions in violation of §1692e(10).

52.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

9

## DEMAND FOR TRIAL BY JURY

53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Allen Saks, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:  April 30, 2021                              Respectfully Submitted,
                                                   **ZEIG LAW FIRM, LLC**
                                                   /s/ Justin Zeig
                                                   Justin Zeig, Esq.
                                                   3475 Sheridan St. Ste 310
                                                   Hollywood, FL 33021
                                                   Telephone: (754) 217-3084
                                                   Facsimile: (954) 272-7807
                                                   justin@zeiglawfirm.com


                                                   *Counsel for Plaintiff Allen Saks*

*7.*